3L 491
7L 719

GREEN & FITZHUGH v. SAMUEL PERKINS AND J. S. CLAYBROOK.

CONTRACT. *Void without consideration. Damages. Minors.* A father and two minor sons were injured by a turnpike being out of repair. A compromise was made by some of the stockholders and the father, and a written instrument executed to the father, agreeing on the part of the company to pay the father the sum of $2,500 "in full of all claim for damages against said company" on the part of the father and his two sons. Held, no recovery could be had on this instrument. It was without consideration so far as the damages due the minors were concerned, and it being impossible to separate them from the damages which might be due the father, the contract being one, no legal obligation existed.

FROM WILLIAMSON.

Appeal in error from the Circuit Court of Williamson county. W. S. McLEMORE, J.

T. W. TURLEY for plaintiffs.

J. G. WALLACE and A. L. DEMOSS for defendants.

FREEEAN, J., delivered the opinion of the court.

This suit was brought against the above named defendants, together with Nashville & Nolensville Turnpike Co., on the following undertaking·

"The undersigned, for and on behalf of the Nashville & Nolensville Turnpike Co., hereby agree to pay Geo. W. Morton $2,500, and to pay the same from the first funds that come into the treasury of the company, after paying current expenses, all to be paid inside of four months, which is in full of all claims for damages against said company on the part of said Morton and his children, Robert and William, on account of falling into a gulley in the road on the 29th of July, 1877. September 4, 1877. Signed, Samuel Perkins and John S. Claybrook."

This instrument is declared on in one count in the declaration simply as a promissory note, payable to said Morton, and assigned by him to plaintiffs on the 8th of October, 1877, so that the question is, whether defendants, under the facts and the law, are liable to pay said sum of money by reason of the above instrument. A verdict was found in favor of the company, from which there is no appeal, which ends the matter so far as the company is sought to be made liable on this writing.

The facts necessary to be stated are, that Morton and his two sons, one about twelve and the other fourteen years of age, had been hurt by the overturning of a buggy in which they were traveling on the turnpike, and damages were claimed for the injury. The

matter was submitted to three persons as arbitrators, the case heard, both parties being represented by counsel. The arbitrators did not readily agree—separated on the first day, and were to meet next day for discussion and decision. When they met the two defendants, Perkins and Claybrook, who were stockholders in the company, proposed a compromise, the result of which was the above instrument executed by them. Morton at the same time executed an instrument acknowledging the receipt of the above contract, signed by the parties for and on behalf of the company, giving its terms, and then says, "which is in full of all' claims for damages against said company on the part of myself (that is Morton) and my two children, Robert and William, on account of falling into a gulley on the road" at the date above referred to. This was signed by Morton and given to the parties, to be sent to the company.

Without going into further details of the testimony, it suffices to say the company declined to ratify the act of Perkins and Claybrook, or to pay the money, and this suit was commenced to enforce the supposed liability. The case must turn on the propriety of his Honor, the circuit judge's instructions to the jury, or refusal to give instructions asked by counsel, inasmuch as on the matters of fact contested before the jury, their finding would probably have been conclusive either way.

The court was requested to charge substantially that if the obligation was given in consideration of damages done to Morton and his two minor children, and

the amount of damages were included in the same, not separated, but mixed, so as to be indistinguishable the one from the other, then plaintiffs could not recover, the plaintiffs having notice of the refusal of the company to pay, etc. This, with other instructions asked, raised fairly the question as to whether the defendants would be liable on the promise to pay Morton, the father, the damages to which his children would be entitled for the injury sustained by them. The instrument on its face showed the damages were not distinguished, but a gross sum was agreed on as the amount to be paid Morton and also his children, Robert and William. It is impossible to say how much was agreed to be due the father, or how much for injuries done his children, or either of them. It being impossible to separate the elements constituting the consideration of the contract it must stand, or fall if any essential part of it is insufficient.

We do not see how it can be supported, unless we disregard the time-honored rule of our law, that a consideration, either in something of value, or benefit, or advantage to the party promising, or of disadvantage to the other party, is always necessary to sustain an undertaking. The payment to Morton, the father, would not have relieved the company in the slightest from its liability to respond in damages at the suit of the children. That suit might be brought either during minority by next friend, or within one year after arriving at majority. See *Whirley* v. *Whiteman*, 1 Head, 610. This being so, assuming that defendants were so connected with the company as to

be interested and benefitted directly by the settlement of these damages, still they obtain no legal advantage and receive none. If the company itself had undertaken to pay the father the damages due his children on his simple receipt, as is the contention of plaintiff in this case, it is not seen on what consideration this promise could have rested for its support as a contract. It would be a simple gratuity on the part of the company, if paid, so far as its legal results are concerned. The precise same legal liability would remain to the children as before the payment. This being so, it follows inevitably that the promise to make such payment must be held a mere *nudum pactum*, lacking the essential element of a consideration to raise it to the dignity of a contract enforceable by our law. It can scarcely be claimed that the promise of these stockholders can stand on higher ground on this aspect of the question.

Authorities need not be cited to show that a promise or undertaking, unsupported by a consideration, imposes no legal liability. The principle is axiomatic— need only be stated to be assented to. We are totally unable to see any consideration for this undertaking, so far as the damages due the minor children are concerned, and it is impossible to separate these from what might have been due the father, and so the contract being one, this essential element failing, it must be held to raise no legal obligation.

We need not discuss other questions presented in the record, such as whether the promise in the instrument can be held, in any aspect of it, as one fixing

a personal liability, a question which seems to me more than doubtful. The above is, however, conclusive of the result.

The judgment must be reversed and the cause remanded for a new trial.